UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **Edgar Tatum,** : | |
| Petitioner, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 3:15-CV-00330-VLB |
| **Chapdelaine, Warden,** : | |
| Respondent. : | JUNE 10, 2015 |

## RULING AND ORDER

In a 28 U.S.C. § 2254 petition dated February 17, 2015, Edgar Tatum seeks to challenge his March 1990 state-court conviction for murder. [3:15-cv-00330-VLB, Dkt. 1.] Tatum has already challenged this murder conviction in a prior § 2254 petition. [3:12-cv-01193-WWE, Dkt. 1.] The district court denied his prior § 2254 petition as untimely filed, [*id.*, Dkt. 21]; the Court of Appeals declined to issue a certificate of appealability, [2d. Cir. 13-4560, Dkt. 38]; and the Supreme Court denied Tatum's petition for writ of certiorari on November 10, 2014, *Tatum v. Murphy*, 135 S. Ct. 486 (2014). Tatum's instant § 2254 petition is "successive" because, in addition to attacking the same state-court judgment, the prior § 2254 petition was decided on the merits, *see Murray v. Greiner*, 394 F.3d 78, 80-81 (2d Cir. 2005) (dismissal "as tardy under the controlling statute of limitations . . . constitutes an adjudication on the merits and subjects future challenges . . . to the gatekeeping requirements of § 2244(b)(3)),[1] and the Supreme Court denied

---

[1] Tatum incorrectly argues that his prior § 2254 petition is not successive because his prior § 2254 was denied as untimely. [3:15-cv-00330-VLB, Dkt. 1 at 54 (.pdf pagination)]. Tatum does not seek reconsideration of the district court's timeliness ruling, the subject of another pending motion filed after the final adjudication of his initial § 2254 petition, [3:12-cv-01193-WWE, Dkt. 28]; rather, all

1

Tatum's petition for writ of certiorari before he filed his instant § 2254 petition, *see Whab v. United States*, 408 F.3d 116, 120 (2d Cir. 2005).

Before a petitioner may bring a successive habeas petition, he must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Because the Court of Appeals has not issued an order authorizing this Court to consider Tatum's instant § 2254 petition, this Court lacks jurisdiction to entertain it. Accordingly, the Clerk is directed to transfer this action, pursuant to 28 U.S.C. § 1631, to the Court of Appeals for the Second Circuit to enable that court to determine whether the petitioner should be permitted to file his instant § 2254 petition in the district court. Further, Tatum's motion to appoint counsel [Dkt. #3] is DENIED as moot. IT IS SO ORDERED.

                                                                        /s/
                                                Vanessa L. Bryant
                                                United States District Judge

Dated at Hartford, Connecticut, June 10, 2015.

---

of his grounds for relief are predicated on alleged errors occurring during his criminal proceedings or on the state habeas court's resolution of those alleged errors, *see Gonzales v. Crosby*, 545 U.S. 524, 530 (2005) (successive habeas petition seeks relief from state court's judgment of conviction; Rule 60(b) motion attacks integrity of federal habeas proceedings).